```
              UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

AYYUB ALMUHSIN,                  :
                                 :
     Plaintiff                 :    No. 1:16-CV-00365
                                 :
  vs.                            :    (Judge Kane)
                                 :
WARDEN OF DAUPHIN COUNTY         :
PRISON, et al.,                  :
                                 :
                                 :
     Defendants                :

**MEMORANDUM**

**I.   Background**

On March 1, 2016, Plaintiff Ayyub Almuhsin, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania filed a complaint under 42 U.S.C. § 1983 against (1) the Warden of the Dauphin County Prison,[1] (2) Isaiah Rotan Rotan ("Rotan"), an inmate at the Dauphin County Prison, and (3) several unnamed correctional officers. (Doc. Nos. 1 & 1-1.) In the complaint Almuhsin alleges that on November 13, 2015, he was stabbed four times with a homemade shank by Rotan, and that the correctional officers who intervened subjected Plaintiff to excessive force. Id. Almuhsin further alleges that the correctional officers were negligent in failing to search all inmates before they left their cells for recreation, and that had they done so, they would have discovered the shank. Id. With respect to the claim of excessive use of force, Almuhsin contends that after the stabbing he was bleeding and compliant with all of the correctional officers'

---

1.  Almuhsin did not provide the name of the Warden.

commands; although he did not resist, after applying handcuffs and placing him on the ground, the correctional officers sprayed him with "pepper spray" and then "dragged" him "down to administrative lock down" where they punched, kicked and kneed him while in handcuffs and bleeding from his wounds. (Id.)

The complaint does not allege any personal involvement by the Warden of the Dauphin County Prison. Almuhsin requests compensatory damages in a total amount of $62,000.00. Id. Along with the complaint, Almuhsin filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. No. 2.)

The court screened the complaint pursuant to the Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), granted Almuhsin leave to proceed in forma pauperis and dismissed the complaint as it related to Almuhsin's claims against the Warden and inmate Rotan.[2] Furthermore, Almuhsin's failure to protect and excessive force claims leveled against unidentified correctional officers were dismissed with leave to file an amended complaint. The reasons are fully set forth in the Court's memorandum dated March 18, 2016. (Doc. No. 9.)

---

2. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

On May 6, 2016, Almuhsin filed an amended complaint naming two correctional officers, Timothy Brown and Randy Pope. (Doc. No. 10.) Upon review of the amended complaint pursuant to the PLRA, the court permitted the excessive force claims against Brown to go forward. However, the failure to protect claim leveled again Pope was insufficient for the reasons set forth in the memorandum of March 18, 2016. In sum, there were no allegations in the amended complaint from which it could be concluded that Pope was aware of facts from which it could be inferred that Rotan posed a danger to Plaintiff and that Pope actually drew that inference and disregarded the risk. Consequently, the amended complaint was dismissed as it relates to Pope without further leave to file a second amended complaint.

On July 1, 2016, Defendant Brown, the only remaining defendant in this action, waived service of the amended complaint and on July 26, 2016, filed a motion to dismiss the amended complaint. (Doc. No. 22.) In the motion Brown contends, inter alia, that Almuhsin did not exhaust his administrative remedies. For the reasons set forth below, Brown's motion to dismiss will be granted.

**II. Motion to Dismiss**

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868,___(2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

Although the court is generally limited in its review to the facts contained in the complaint, it may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

### III. Discussion

Defendant Brown contends that Almuhsin's amended complaint should be dismissed for his failure to exhaust available administrative remedies. In the amended complaint Almuhsin stated that he exhausted his administrative remedies by filing charges against inmate Rotan. However, Almuhsin was required to exhaust his administrative remedies with respect to his claim against Defendant Brown. Almuhsin in his brief in opposition to Brown's motion to dismiss did not address Brown's exhaustion argument.

The complaint as stated was filed on March 1, 2016, and the amended complaint on May 6, 2016. Although Almuhsin was released from the Dauphin County Prison in September, 2016 (Doc. Nos. 26, 27), that fact does not relieve him of the PLRA exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002)("Although Ahmed would have been free of the strictures of the PLRA if he had filed a timely complaint after his release

5

from prison, he is bound by the PLRA because his suit was filed on July 29, 1998, almost three years before he was released from prison."); Johnson v. Allegheny County Court of Common Pleas, --- F. App'x ---, ---, 2016 WL 5956689, at *1 n.1 (3d Cir. Oct. 4, 2016)("Johnson was incarcerated at the time he filed the complaint below, but was released a few months later. The PLRA applied notwithstanding Johnson's post-suit release."); Defreitas v. Montgomery County Correctional Facility, 525 F. App'x 170, 176 (3d Cir. May 7, 2013)( "[A] plaintiff's status as a prisoner for purposes of the PLRA is judged as of the time he files his original complaint. At that time, Defreitas only complied with the exhaustion requirement with respect to his claims for the yard, gym, and weight room. Accordingly, the District Court did not err in concluding he could only proceed with those exhausted claims, and summary judgment in favor of Appellees was proper on the other claims."); Miller v. Price, 2016 WL 1089155, at *6 (M.D.Pa. Mar. 21, 2016)("[T]he PLRA exhaustion requirement does not apply to prisoners who file a timely complaint after release from prison, but does apply to prisoners who file a complaint while in prison and are subsequently released.")(Caputo, J.); Bookwalter v. Keen, 2015 WL 6157191, at *2 (M.D.Pa. Oct. 19, 2015)(same)(Caldwell, J.); George v. Hogan, 2008 WL 906523, at *4 (M.D.Pa Mar. 31, 2008)("[T]he court finds that Plaintiff is subject to the PLRA's exhaustion requirement if he was 'a prisoner confined in any jail,

prison, or correctional facility' on August 10, 2006, the date on which he brought the instant claim.").

> In pertinent part, the PLRA provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under the PLRA, exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 126 S.Ct. 2378 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000). The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course

of its proceedings." Id. at 2386. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

This court in the past has taken judicial notice of Dauphin County Prison's grievance procedures. Funk v. DeRose, 2012 WL 6966712, at *8 (M.D.Pa. Nov. 28, 2012) report and recommendation adopted, 2013 WL 393868 (Jan. 31, 2013); see also Shakuur v. Costello, 230 F.App'x 199, 201 (3d Cir. 2007)(taking judicial notice of Philadelphia Prison System's grievance procedures). This court has explained the Dauphin County grievance procedure as follows:

> The grievance appeal process that Dauphin County Prison inmates are required to follow, as set forth in the Inmate Handbook, involves four (4) steps: (1) the submission of a grievance for review and determination by the Warden; (2) an appeal of any decision to the Chairman of the Dauphin County Prison Board of Inspectors; (3) an appeal of the Chairman's decision to the full Dauphin County Prison Board of Inspectors; and (4) an appeal from the Prison Board's decision to the Dauphin County Solicitor.

Sawyers v. Brown, 2014 WL 407337, at *2 (M.D.Pa. Feb. 3, 2014). The burden of demonstrating exhaustion rests with Almuhsin. See Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000). A review of the record reveals that Almuhsin has failed to demonstrate that he has exhausted his claims. Almuhsin did not exhaust his available administrative remedies with respect to the claims asserted against Brown.

As stated by the Third Circuit, "it is beyond the power of this court-or any other-to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in Booth. Consequently, this Court is required to follow the Supreme Court's directive in Booth and grant Brown's motion to dismiss for Almuhsin's failure to have exhausted his available administrative procedures.[3]

An appropriate order will be entered.

---

3. In Spruill, the United States Court of Appeals for the Third Circuit addressed the issue of whether the defendants in Spruill properly identified their motion as one for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The Court noted that "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may also consider these without converting it to a motion for summary judgment. Id. at 223. (citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003)). See also Brown v. Croak, 312 F.3d 109, 111(3d Cir. 2002)("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss"); Ray v. Kertes, 285 F.3d 287, 293 n.5(3d Cir. 2002) (motions to dismiss may be pursued on failure to exhaust grounds in certain circumstances). Accordingly, the averments of Almuhsin in the amended complaint and the court's right to take judicial notice of the grievance procedures of Dauphin County Prison authorize this court to consider Brown's motion to dismiss without converting the motion to a motion for summary judgment.